**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

ROYCE E. HUMDY, JR.,
   Plaintiff,

vs.              Case No. 07-CIV-298-RAW

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,
   Defendant.

## ORDER

  Before the court is the Application for Attorney's Fees Under 42 U.S.C. § 406(b) [Docket No. 24], as well as the Government's Response [Docket No. 25] and Plaintiff's Supplement [Docket No. 27]. On March 28, 2008, this court granted Defendant's unopposed motion to remand and rendered a final judgment in the case. The Commissioner has issued a fully favorable decision, and a Notice of Award has been issued providing back benefits.

  In order to authorize payment of attorney fees pursuant to 42U.S.C. § 406(b), a court must act as an "independent check, to assure that they yield reasonable results in particular cases." McGraw v. Barnhart, 450 F.3d 493, 498 (10th Cir. 2006). A district court should determine the reasonableness and timeliness of the attorney fee request prior to awarding fees. Id., at 502 and 505. There is a limit, however, to the amount of fees that can be awarded pursuant to § 406(b): "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002).

The Tenth Circuit Court of Appeals issued a ruling in Wrenn, ex rel. Wrenn v. Astrue, 525 F.3d 931 (10th Cir. 2008). Wrenn states that "the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner." Id., at 937. Thus, the combined attorney fees for representation before the Social Security Administration and on appeal to a district court are not limited to 25% of past-due benefits. In this case, however, Plaintiff's previous application for EAJA attorney fees was denied on August 21, 2008 as untimely [Docket No. 23]. After a review of the motion and supporting documents for the present motion, the court finds that the fees requested are reasonable.

A motion for the award of attorney fees under § 406(b) should be filed within a "reasonable time of the Commissioner's decision awarding benefits." McGraw, at 505. There is no specific time frame for the filing of the motion. Plaintiff's supplement indicates that court counsel filed their request for fees seven days after being notified by the agency representative of the award. The court finds that the request for attorney fees was filed within a reasonable time.

It is the Order of the court that the Application for Attorney's Fees Under 42 U.S.C. § 406(b) [Docket No. 24] is GRANTED, and reasonable attorney's fees are approved in the amount of **$1,700.00.**

**ORDERED THIS 17th DAY OF JUNE, 2009.**

**Dated this 17th Day of June 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0